UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STRIKE 3 HOLDINGS, LLC                               MEMORANDUM
                     Plaintiff,                        AND ORDER
        - against -
JOHN DOE,                                            20-CV-4483 (PKC) (JO)
                     Defendant.
----------------------------------------------------------------X

James Orenstein, Magistrate Judge:

      Plaintiff Strike 3 Holdings, LLC ("Strike 3") has accused a "John Doe" defendant, identified only by an Internet Protocol address, of copyright infringement. *See* Docket Entry ("DE") 1 (Complaint). Strike 3 now seeks leave *ex parte* to engage in expedited discovery. Specifically, it asks to serve a subpoena on the Internet Service Provider (the "Provider") associated with the pertinent IP address, thus requiring the Provider to identify the subscriber of internet services at the address. *See* DE 6. I deny the motion.

      I have previously denied thirteen essentially identical requests for relief made by Strike 3 in thirteen essentially identical cases and explained my reasons for doing so in detail. *See Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14 (E.D.N.Y. 2019) ("*Strike 3 2019*") (denying motions in *Strike 3 Holdings, LLC v. Doe*, 18-CV-0449 (ENV) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-1155 (KAM) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-1159 (KAM) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-1184 (JBW) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-1196 (JBW) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-2073 (ILG) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-2132 (AMD) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-3216 (KAM) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-3778 (ENV) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-3785 (WFK) (JO); *Strike 3 Holdings, LLC v. Doe*, 18-CV-6988 (NGG) (JO); *Strike 3 Holdings, LLC v. Doe*, 19-CV-0725 (NGG) (JO); and *Strike 3 Holdings,*

*LLC v. Doe*, 19-CV-0729 (AMD) (JO)). The cases were assigned to seven different district judges of this court. Strike 3 did not exercise its right to seek review of my decision in any of those cases.[1]

In litigating the same motion yet again, Strike 3 elaborates on the arguments I previously considered and rejected, and correctly observes that other judges have granted comparable motions for expedited discovery. Reasonable minds can of course disagree about how a court should exercise the discretion the law confers in deciding a motion like the ones Strike 3 consistently litigates but that does not mean that Strike 3 is entitled to have all of those motions decided in its favor. In the absence of any controlling authority to the contrary, or of any new and persuasive reason to reconsider my earlier analysis, I deny Strike 3's motion for the reasons I have previously explained at length in *Strike 3 2019*.

SO ORDERED.

Dated: Brooklyn, New York
November 6, 2020

                                                                /s/
                                              James Orenstein
                                              U.S. Magistrate Judge

---

[1] I also denied, for similar reasons, an essentially identical request for relief by another plaintiff asserting an essentially identical claim against another "John Doe" defendant. *See Malibu Media, LLC v. John Doe*, 19-CV-4336 (GRB) (JO), DE 12 (E.D.N.Y. Mar. 26, 2020). Like Strike 3, the plaintiff in *Malibu Media* did not exercise its right to seek the court's review of the decision. Neither Strike 3 nor Malibu Media waives its right to seek review under Federal Rule of Civil Procedure 72 in one case before a given judge simply by having elected not to do likewise in earlier cases assigned to other judges.